Seaberry & Hagman, of Weatherford, for appellant.

Fulgham & Borden, of Weatherford, for appellee.

## REYNOLDS v. BRADFORD.
### No. 15184.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 13, 1950.

HALL, Justice.

Appellant L. T. W. Reynolds sued appellee J. M. Bradford in the district court of Parker County, Texas, in trespass to try title; for specific damages and rentals alleged to be due him from appellee by reason of appellee's action in erecting a building wall on ten inches of appellant's property, whereupon appellant had erected a brick retaining wall; that appellee tore down said retaining wall and erected thereon the rear wall of a building.

Appellee answered by general denial and plead the three, five and ten-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, as to the trespass to try title action and plead the two-year statute

of limitation Vernon's Ann.Civ.St. art. 5526, as to damages for removal of said retaining wall or for appropriating brick out of same.

Upon trial of the cause before a jury, it having failed to answer all material issues, the trial court withdrew same from the jury and entered judgment for appellee, awarding him title to a strip of land ten inches wide and one hundred feet long, thereby denying appellant relief upon his causes of action.

Appellant submits his appeal upon three points of error, wherein he contends that the trial court erred in failing to declare a mistrial and erred in rendering judgment for appellee.

The sole question before us to determine is whether or not appellant under his pleadings introduced sufficient evidence to support a judgment wherein he relied entirely upon a record chain of title to the land in controversy, having alleged ownership of the south one-half of Lot No. 1, Block No. 7, Original Town of Weatherford and describing it by metes and bounds.

Appellee contends that appellant failed to prove by competent evidence the exact location on the ground and size of his lot.

Appellee owns the north half of said lot, the lot being 50 feet wide, thereby giving each appellant and appellee 25 feet. Appellant testified that the party wall supporting the two buildings was erected ten inches on his side of the line and ten inches on appellee's side. It is the extension of this wall by appellee on the rear of the lot that furnishes the basis for this controversy.

We find the following evidence adduced by appellant is sufficient to support a prima facie case. Appellant testified he had owned the south half of said Lot No. 1, supra, since 1897; in 1903, Dr. J. N. Chandler, then owner of the north half of Lot No. 1, erected the building now owned by appellee. Appellant introduced in evidence a check for the sum of $165, which he paid to J. N. Chandler for his part of the party wall built on ten inches of his lot. Later he built his building, joining same to said wall; that he later extended his half of the party wall on to the end of his lot, thereby making the extremity of said retaining wall

to extend no farther toward appellee's property than the center of said party wall, and that in 1947 appellee tore down said retaining wall and built the one in question, which extends over ten inches on appellant's land.

Appellant adduced from the witness, L. C. McCandles, county surveyor of Parker County, in substance, the following: That he had been a surveyor for approximately forty years; he made a survey on the ground of the properties of both appellant and appellee; that he used an old map made in 1905 which is located in the archives of the City's offices but is not recorded in the deed records. His testimony further reveals that appellant and appellee each own 25 feet and that the party wall between their buildings is built ten inches on appellee's land and ten inches on appellant's land. It was his understanding that the original plat to the town of Weatherford was destroyed by fire when the courthouse burned some fifty years or more ago, and he did not know of any recorded official plat now available.

Appellee objected strenuously to the introduction of testimony of the witness McCandles because it was based upon hearsay.

■ As we see it, this case is nothing more than a boundary dispute, wherein the rules of evidence are more liberal than those governing other actions; for instance, where the marks left by the original surveyor have disappeared it is permissible and necessary to resort to the best evidence of which the case is susceptible. 7 T.J., p. 120, sec. 2.

■ A disputed boundary line may be fixed by parol agreement or in writing between adjoining owners and such will be binding upon them and those claiming under them, even though they may have made a mistake as to the actual boundary line. 7 T.J., p. 194, sec. 54.

■ Adverse statements and acts made by grantors and grantees affecting the question of their boundary while owners of the land, or at the time of conveyance of the property, is admissible. 7 T.J., p. 237, sec. 79.

Here we have evidence of acts by Dr. Chandler, appellee's predecessor, which

amounted to a recognition of the fact that half of the brick party wall was situated on appellant's land.

Accordingly, ancient maps and plats, long and publicly recognized, with reference to which it may be presumed that the parties and the general public have acted, are usually admissible in evidence to show the location of boundaries. 7 T.J., p. 229, sec. 75.

So the issue as to where boundaries are located is a question for the trier of the facts to determine, which in the instant case was a jury. Finding the court erred in rendering judgment for appellee, the cause is reversed and remanded for trial.